

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-16-00006-CR

---

JOHN TURNER GRAY, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 366th District Court
Collin County, Texas
Trial Court No. 366-82883-2015

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

A jury convicted John Turner Gray of continuous violence against the family. *See* TEX. PENAL CODE ANN. § 25.11 (West 2011). Gray was sentenced to five years' imprisonment and was ordered to pay a $4,000.00 fine. On appeal,[1] Gray argues that the State introduced evidence that he "treats women like 'dirt'" for the purpose of demonstrating that he is the type of person who commits family violence.[2] We find that Gray failed to preserve this point for our review. Accordingly, we affirm the trial court's judgment.

The State introduced a portion of an audio/video recording depicting Gray's arrest. During the recording, Gray is repeatedly heard commanding, in a "rude and condescending" tone, his female companion to bail him out of jail. At trial, Gray objected that this portion of the recording violated Rule 404(b) of the Texas Rules of Evidence. *See* TEX. R. EVID. 404(b). The objection and the ensuing discussion were as follows:

> [BY COUNSEL FOR GRAY]: Judge, we have three objections. The first one is it violates 404(b), which says other crimes, wrongs or acts. In this particular case, it would be acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. And I don't believe they have established any exception to that rule. That's our first objection. Second objection is hearsay. And the third objection, which probably should be the second one, is relevancy.
>
> THE COURT: Counsel?
>
> [BY THE STATE]: I'm not sure what other bad acts the defense counsel is talking about.

---

[1] Originally appealed to the Fifth Court of Appeals in Dallas, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Fifth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2] In companion cases 06-16-00003-CR, 06-16-00004-CR, and 06-16-00005-CR, Gray also appeals from convictions of aggravated assault causing serious bodily injury, criminal mischief, and continuous violence against the family.

THE COURT: Let me just clarify. This particular video happens after whatever happens at the house with the --

[BY THE STATE]: Yes. So the officer had finished investigating, cleared the scene, and the car that the Defendant reportedly fled in then drives past him.

THE COURT: Counsel, is that your understanding?

[BY COUNSEL FOR GRAY]: It is. She's correct on that.

THE COURT: All right. Sorry. Just putting it in a frame of reference for myself. You[] were responding.

[BY THE STATE]: I don't believe there is a bad act that we're discussing here. This is the apprehension and the arrest of the Defendant.

THE COURT: All right. That objection is overruled.

[BY THE STATE]: Okay. As far as hearsay is concerned, they are statements for hearsay purposes. Some of the conversation that's going on it doesn't matter if it's true or not true. It's basically the officer trying to figure out if there's weapons in the car and for his safety. The reason it's being offered is to show -- or the reason some of the statements are being offered, the Defendant's statements, which are not hearsay, is to show his propensity and how he interacts with women even when he's locked up in the back [of] the squad car.

THE COURT: All right. The hearsay objection is overruled. And I think his last one was relevance. Were you already speaking to that?

[BY THE STATE]: Yes, Your Honor.

THE COURT: All right. Overruled.

On appeal, although he failed to identify the prior bad act contained in the recording at trial, Gray argues that the bad act he sought to exclude was his "rude and condescending" behavior towards his female companion. He appears to argue that the State's response to his hearsay

objection provided the context for his Rule 404(b) objection. The State argues that Gray failed to preserve the argument he makes on appeal. We agree with the State.

Rule 33.1(a) of the Texas Rules of Appellate Procedure states:

As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.

TEX. R. APP. P. 33.1(a)(1). At the time of the trial court's ruling, the State indicated that it was unaware of the prior bad act contained in the recording, and Gray failed to specify the alleged prior bad act. The trial court appeared to focus on the fact that Gray was fleeing from the scene of an offense. Further, the recording contains both admissible and allegedly inadmissible material. When this occurs, the objection to the exhibit must specifically refer to the material that is objectionable in order to preserve error. *See Whitaker v. State*, 286 S.W.3d 355, 369 (Tex. Crim. App. 2009).

Because Gray failed to make an objection that stated the grounds for the trial court's ruling with sufficient specificity and because the grounds for the objection argued on appeal were not apparent from the context of the trial objection and the ensuing discussion, we find that Gray failed to preserve his appellate point. Accordingly, we overrule Gray's point of error.

4

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted: June 16, 2016
Date Decided: June 17, 2016

Do Not Publish